221 N.J. Super. 243 (1987)
534 A.2d 96
PAUL E. PURWIN, PLAINTIFF,
v.
BERNARDS TOWNSHIP PLANNING BOARD AND H. STEVEN WOOD, ADMINISTRATIVE OFFICER FOR THE TOWNSHIP OF BERNARDS, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided July 1, 1987.
*245 Jonathan E. Drill for plaintiff (McDonough, Murray & Korn, attorneys).
Arthur H. Garvin, III for defendants (Kerby, Cooper, Schaul & Garvin, attorneys).
ROSS, J.S.C.
This is a motion for summary judgment arising from an action in lieu of prerogative writs. The case involves planning board inaction, rather than the usual appeal from a planning board action. I have been asked to decide whether such inaction was proper and, if not, what result is required at this point. The procedural and factual background is stipulated and I will summarize it briefly.
On December 19, 1986, plaintiff, Paul E. Purwin, filed an application with the Bernards Township Planning Board for final minor subdivision approval to create a .98-acre lot from a 38-acre parcel in Block 138, Lot 2 on the Bernards tax maps, an area known as the Colonial Ridge tract. Purwin's application included all of the items set forth in the "check list" for *246 applications for final approval of minor subdivision, and the "check list" restated all of the requirements listed in Bernards ordinance § 706, pursuant to N.J.S.A. 40:55D-10.3.
On January 29, 1987, defendant, H. Steven Wood, Administrative Officer for the Township of Bernards, notified Purwin by letter that his application was "incomplete." The reasons given for the status were Purwin's failure to comply with paragraph 13 of an April 29, 1980 resolution, and with paragraphs nine and ten of a June 18, 1985 planning board resolution. Both of these resolutions dealt with major subdivision approvals to the Colonial Ridge tract and the enumerated paragraphs placed certain conditions on further subdivision of the tract.
Specifically, paragraph 13 of the April 29, 1980, resolution provided:
that no further subdivision shall be applied for in the Colonial Ridge Tract without the applicant's submission of a full environmental impact statement for the entire tract in compliance with the Bernards Township Zoning Ordinance.
Paragraphs nine and ten of the June 18, 1985, planning board resolution provided that:
9. Any further development of the Colonial Ridge subdivision project (Lots 2 and 2.01, Block 138) shall take place in accordance with the stayed construction plan submitted by the owners, J. Robert and Adelaide P. Johnson, entitled, `Overall Tract Layout  Colonial Ridge' prepared by Yannacone, Murphy & Hollows, Inc. dated January 15, 1980 to the extent that the next stage proposed for development shall be at one end of the proposed master plan road through the said property.
10. No further application for subdivision of this tract (Lots 2 and 2.01, Block 138) shall be deemed to be complete unless accompanied by a full environmental statement for the entire tract in compliance with the Bernards Township Land Development Ordinance.
Purwin has not submitted an environmental impact statement for the entire tract, nor is his proposed subdivision at the end of any proposed master plan road for the tract.
On February 3, 1987, Purwin notified Wood that he felt the application was "complete." Purwin further appeared at a planning board meeting on February 17, 1987, to urge them to consider his application. The board again maintained that the *247 resolutions must first be complied with before the application would be considered.
On March 17, 1987, Purwin served and arranged for the publication of a notice of default approval. Also on March 17, 1987, Purwin requested that Wood issue a certificate as to the failure of the planning board to act, pursuant to N.J.S.A. 40:55D-47. Wood replied in a letter dated March 20, 1987, that a certificate should not issue because the application was never "complete" due to Purwin's noncompliance with the resolutions. Purwin filed a complaint on March 16, 1987, and an amended complaint on March 26. Defendants filed an answer on April 10, 1987.
In this motion for summary judgment, Purwin seeks the relief outlined in counts I and II of the amended complaint: namely, (1) a declaration that the requested minor subdivision approval is granted, (2) an order directing the board to direct its chairman and secretary to sign all documents necessary to perfect the subdivision approval, and (3) an order directing Wood to issue a certificate as to the failure of the board to act, pursuant to N.J.S.A. 40:55D-47.
The legal argument in this case focuses primarily on the interpretation of N.J.S.A. 40:55D-10.3. That statute, which was enacted in 1984, provides as follows:
An application for development shall be complete for purposes of commencing the applicable time period for action by a municipal agency, when so certified by the municipal agency or its authorized committee or designee. In the event that the agency, committee or designee does not certify the application to be complete within 45 days of the date of its submission, the application shall be deemed complete upon the expiration of the 45-day period for purposes of commencing the applicable time period, unless: a. the application lacks information indicated on a checklist adopted by ordinance and provided to the applicant; and b. the municipal agency or its authorized committee or designee has notified the applicant, in writing, of the deficiencies in the application within 45 days of submission of the application. The applicant may request that one or more of the submission requirements be waived, in which event the agency or its authorized committee shall grant or deny the request within 45 days. Nothing herein shall be construed as diminishing the applicant's obligation to prove in the application process that he is entitled to approval of the application. The municipal agency may subsequently require correction of any information *248 found to be in error and submission of additional information not specified in the ordinance or any revisions in the accompanying documents, as are reasonably necessary to make an informed decision as to whether the requirements necessary for approval of the application for development have been met. The application shall not be deemed incomplete for lack of any such additional information or any revisions in the accompanying documents so required by the municipal agency.
Purwin argues that this language is clear in its definition of "complete." If the application lacks information on a checklist adopted by ordinance, and the applicant is duly notified, then and only then should the application be considered incomplete. Purwin contends that since the resolution requirements were not on the checklist nor adopted by ordinance, they cannot prevent his application from being considered as "complete."
Of greater importance, perhaps, are the last two sentences in the statute. They specifically state that the municipal agency may require "submission of additional information not specified in the ordinance," but that "[t]he application shall not be deemed incomplete for lack of any such additional information. ..." N.J.S.A. 40:55D-10.3; [emphasis supplied.]
Defendant's arguments in the face of this strong legislative language are not persuasive. They state in a conclusive fashion that the Legislature did not intend to bar a planning board from supplementing the zoning ordinance standards for completeness. I disagree. I think that the statutory requirement of a checklist adopted by ordinance is done precisely so additional requirements for completeness cannot be tacked on by planning boards. It is important to remember that a complete application just gets the ball rolling; planning boards can still consider whatever they need to decide whether to grant or deny approval of the application. The language of the statute does not give planning boards additional leeway in this regard.
Nor am I persuaded by the argument that Purwin, through the property owners (the Johnsons) who were involved in the prior applications, waived his rights under N.J.S.A. 40:55D-10.3. First, defendants summarily conclude that, because *249 Purwin applied for this subdivision with the Johnsons' consent, he "will have notice" of the "special criterion for completeness." I think that unless the Johnsons chose to, or even remembered to, mention the resolutions, Purwin could have been unaware of them until his application was labeled "incomplete."
Second, whether or not this plaintiff was advised of the restrictions in the resolutions, the broader question is whether the applicant should be held to having the knowledge of these resolutions. As defendant's brief indicates, resolutions are administrative in nature, that is, they are aimed only at the immediate situation or case. Ordinances are legislative in nature, stating broad policies that all persons in the municipality must abide by. Ordinances, therefore, will be where an applicant will ordinarily turn for guidance as to restrictions on his land. I think that without more than defendants' conclusions as to what Purwin should have known, I cannot expect Purwin to be bound by the results of these prior administrative actions.
Therefore, I am satisfied that plaintiff, Purwin, was required only to submit the items on the checklist in order for his application to be complete. The parties agree that this was done on or about December 19, 1986. Under N.J.S.A. 40:55D-10.3 the application shall be deemed complete after the passage of 45 days, unless the municipal agency notifies the applicant of the lack of items required by ordinance. In this case there was no such lack of items, so I find that the application submitted by Purwin should be deemed complete as of February 2, 1987.
The next question, once the application is deemed complete, is whether the subdivision should be deemed approved because of the planning board's inaction. The second paragraph of N.J.S.A. 40:55D-47 controls this issue. It states:
Minor subdivision approval shall be granted or denied within 45 days of the date of submission of a complete application to the administrative officer, or within such further time as may be consented to by the applicant. Failure of the planning board to act within the period prescribed shall constitute minor *250 subdivision approval and a certificate of the administrative officer as to the failure of the planning board to act shall be issued on request of the applicant; and it shall be sufficient in lieu of the written endorsement or other evidence of approval, herein required, and shall be so accepted by the county recording officer for purposes of filing subdivision plats.
This statute is quite clear in its meaning and it is not discretionary. Failure of the board to act shall constitute minor subdivision approval. Nevertheless, the planning board here cites two cases in which similar automatic approval statutes were held not to be triggered. In Manalapan Holding Co. v. Hamilton Twp. Planning Board, 92 N.J. 466 (1983), the Supreme Court felt that it was presented with "special circumstances" because the municipal officials "misperceived the effect of the MLUL upon their former practice of securing county approval prior to acting upon a preliminary subdivision application." Id. at 480. The Court apparently felt that this misperception under the new law was justifiable, as evidenced by a split of opinion among the Appellate Division judges. Thus, even though the automatic approval would "reflect a careful tracking and literal application of the statute," the "special circumstances" of the case compelled the Court to determine otherwise. Ibid.
The second case cited by defendants, Precision Industrial Design Co. v. Beckwith, 185 N.J. Super. 9 (App.Div. 1982), certif. den. 91 N.J. 545 (1982), also dealt with unusual circumstances. There the board did hold a hearing and voted upon plaintiff's site plan within the 45-day period, but its written resolution was invalidated because it was done at a meeting which did not comply with the Open Public Meetings Act. The court, therefore, held that the "inadvertent and purely technical violation of the Open Public Meetings Act ... [did] not invoke the public policy upon which the automatic approval mechanism is based." 185 N.J. Super. at 19. That public policy is described by the court as being
intended to preclude the practices to which municipalities theretofore resorted to endlessly protract final determination of land development applications with the consequent result of undue harrassment of developers and substantial *251 economic prejudice to their legitimate development plans. The automatic statutory approval was, therefore, designed to encourage prompt consideration and disposition of applications for the advancement of the interests of both the developers and the public. [Id. at 18.]
The case before me today does not involve "special circumstances" of new statutory interpretation, nor does it involve a substantive compliance with a technical error. Instead, this case involves the very protracting of final determinations that the statute is intended to prevent. Although the board feels that this result is "harsh," it is nonetheless the result the Legislature has chosen to ensure that land use applications are not unduly delayed.
Accordingly, I hold that plaintiff's application is deemed "approved" because of the board's failure to act within the statutory time limit. Defendant Wood is therefore ordered to issue the certificate pursuant to the statutory duty imposed by N.J.S.A. 40:55D-47 so that plaintiff can file his subdivision plats.